**FILED**

**MAR - 9 2010**

Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Frederick Anthony Cargill, | |
| Plaintiff, | |
| v. | Civil Action No. 10 0388 |
| United States Probation Office for the Middle District of North Carolina, | |
| Defendant. | |

## MEMORANDUM OPINION

Petitioner Frederick Anthony Cargill has filed an application to proceed in forma pauperis and a pro se complaint for damages under the Privacy Act, 5 U.S.C. § 552a. The application will be granted and the Privacy Act complaint for damages will be dismissed.

Cargill is a prisoner under sentence imposed by the United States District Court for the Middle District of North Carolina. He is currently incarcerated at the federal correctional institution in Beaver, West Virginia. Although he styles his complaint as one for damages under the Privacy Act, it is based on an assertion that he is, or at least will be, over-detained due to an error in his sentence calculation. Any award of damages for wrong-doing would be contingent on finding that in fact, the sentence had been imposed in error.

This court is not the proper forum in which to seek a determination that the sentence had been imposed in error, and the Privacy Act is not the proper means by which a prisoner may collaterally attack his sentence unless he can also show that his sentence has been invalidated by a court. Under well-settled precedent, a prisoner challenging the length of his sentence must



proceed by way of habeas. *Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973); *Chatman-Bey v. Thornburgh,* 864 F.2d 804, 809 (D.C. Cir. 1988) ("[A]s a matter of Congressional intent, prisoners mounting a challenge to the lawfulness of their custody are to proceed by means of habeas."). It is also well-settled that a claim for damages that challenges the fact or duration of a prisoner's conviction or confinement is barred unless that conviction or confinement has been invalidated in a prior proceeding. *Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994). Taken together, these cases make clear that the plaintiff cannot maintain his Privacy Act claim for damages based on the premise that his sentence is unlawful unless he can also show that his sentence was invalidated by an appropriate court. *White v. United States Probation Office*, 148 F.3d 1124, 1125-26 (D.C. Cir. 1998) (per curiam) ("We hold that such a claim is not cognizable under the Privacy Act unless the sentence has been invalidated in a prior proceeding."); *Brown v. Bureau of Prisons*, 498 F. Supp. 2d 298, 304 (D.D.C. 2007) (citing *White,* 148 F.3d at 1125-26).

Cargill is a prisoner seeking money damages on the premise that his custody is unlawful, which effectively constitutes a collateral attack on his sentence. As such, it must first be exhausted as a motion under 28 U.S.C. § 2255 lodged with the sentencing court; only thereafter, and only if the prisoner can show that the remedy under § 2255 is inadequate or ineffective, the challenge can be made under 28 U.S.C. § 2241 as a petition for a writ of habeas corpus lodged in the district court that has personal jurisdiction over the prisoner's immediate custodian. *See* 28 U.S.C. § 2255; *Wilson v. Office of Chairperson, Dist. of Columbia Bd. of Parole,* 892 F. Supp. 277, 279 (D.D.C. 1995) ("[A] decision on a § 2255 motion is ordinarily required before a federal court will entertain a habeas petition."); *Chatman-Bey,* 864 F.2d at 810 ("[A] district court may not entertain a habeas corpus action unless it has personal jurisdiction over the

custodian of the prisoner. . . . It is also well settled that the appropriate defendant in a habeas action is the custodian of the prisoner.") (internal quotation marks and citations omitted). This Court would not have jurisdiction over either a motion filed by Cargill under 28 U.S.C. § 2255 or a petition filed by Cargill for habeas relief under 28 U.S.C. § 2241. And, because a claim such as the one presented "is not cognizable under the Privacy Act unless the sentence has been invalidated in a prior proceeding," *White v. United States Probation Office*, 148 F.3d at 125, the complaint will be dismissed for lack of jurisdiction.

      A separate order accompanies this memorandum opinion.

Date: 3/7/10

/s/ Henry Kennedy, Jr.
United States District Judge